D&F ✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHRISTIAN PIZARRO,

               Petitioner,

-against-

NEW YORK STATE,

               Respondent.
-------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

07-CV-2845 (RJD)

DEARIE, Chief Judge:

Petitioner Christian Pizarro, who is currently incarcerated at McGregor Correctional Facility in Wilton, New York, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

Following a jury trial in New York Supreme Court, Kings County, petitioner was convicted as a juvenile offender on December 14, 1999 of murder in the second degree and criminal possession of a weapon and was sentenced to an indeterminate term of 6 ½ years to life imprisonment.

Petitioner appealed his conviction, which was affirmed on September 30, 2002 by the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). People v. Pizarro, 748 N.Y.S.2d 59 (2d Dep't 2002). Petitioner then sought leave to appeal to the New York State Court of Appeals, which denied his application on January 7, 2003. People v. Pizarro, 99 N.Y.2d 584 (2003). Petitioner apparently did not seek a writ of certiorari from the

United States Supreme Court.

In addition to pursuing his direct appeal, petitioner collaterally attacked his judgment of conviction in the New York State Courts. He filed a petition for a writ of error coram nobis on April 16, 2006, which was denied by the Appellate Division on January 30, 2007. People v. Pizarro, 827 N.Y.S.2d 666 (2d Dep't 2007). The Court of Appeals denied leave to appeal on June 26, 2007. People v. Pizarro, 9 N.Y.3d 849 (2007).

The instant petition, dated April 10, 2007, was received by the United States District Court for the Southern District of New York on May 3, 2007 and transferred to this Court on July 11, 2007. The Court directed the respondent to file a response to the petition. On September 4, 2007, the District Attorney for Kings County submitted its Affidavit in Opposition to the petition, arguing that the petition was filed outside of the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and should be dismissed as untimely filed.

## DISCUSSION

I.     The Requirements of the Antiterrorism and Effective Death Penalty Act of 1996

In enacting AEDPA, Congress established a series of procedural requirements for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. In particular, AEDPA requires that a petitioner exhaust each claim he wishes to raise in federal court by first seeking remedies that may be available in the courts of the state in which he was convicted. See 28 U.S.C. § 2254(b)(1). AEDPA also established a one-year period of limitations for filing a petition, that runs from the latest of

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for

2

> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was pending at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (*per curiam*), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

II.     Application of the Law to this Case

Respondent has urged the Court to dismiss the petition as untimely. The judgment became final on April 6, 2003. Accordingly, Petitioner had until April 6, 2004 to file his petition. By the time he filed his petition for a writ of error coram nobis in state court, on April 16, 2006, the statute of limitations had long since expired. Petitioner asserts that his untimeliness should be excused on the basis of his ignorance of the law, his lack of comprehension of the proceedings following his conviction, and his youth at the time of his conviction. These possible impediments may not be sufficiently extraordinary to serve as the basis of equitable tolling. Courts have routinely declined to toll the statute of limitations on the basis of ignorance of law and legal procedure. See Smith, 208 F.3d at 18; Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). In this case, Petitioner also asserts that his untimeliness should be excused on the basis of his youth – he says that he was fifteen at the time of his conviction. According to the records of the New York Department of Corrections, Petitioner (DIN 03A3703) was born on June 15, 1983. Thus, at the time of his conviction, he was sixteen years old. He turned twenty during the applicable one-year period, which is above the age of majority in New York. Petitioner has not explained how his age during the relevant time period was an extraordinary circumstance that prevented successful filing during that time, nor shown that he acted with reasonable diligence during the period he wishes to have tolled. See Lewis v. Walsh, No. 03 Civ.1932 (DC), 2003 WL 21729840, *2 (S.D.N.Y. July 25, 2003)(finding that a petitioner who was above the age of majority during the statute of limitations period had not presented extraordinary circumstances that would justify equitable tolling); Evans v. Carroll, No. Civ. 03-947-SLR, 2005 WL 196554, *4 (D.Del. Jan. 19, 2005)(holding that the fact that petitioner was

4

nineteen years old when he was convicted does not warrant equitable tolling); Ambers v. Cockrell, No. 01-CV-2018-G., 2002 WL 1544703, *2 (N.D.Tex. July 11, 2002) (holding that Petitioner, who was fifteen years old at the time he was convicted, was not entitled to equitable tolling, where he failed to explain why he waited eight years from the time of his conviction until he filed his federal petition); but see Gaines v. United States, No. Civ.A. 05 CV 0007, 96 cr 0024 (EHJ), 2005 WL 3448067, *4 (W.D.Ky. Dec 13, 2005)(holding open the possibility that a petitioner's youth might entitle him to equitable tolling of the statute of limitation and directing further explanation of factors including why he waited to file the current motion).

Accordingly, Petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA's statute of limitations should not bar the instant petition.[1] Day v. McDonough, 547 U.S. 198, 210 (2006); Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000)("[U]nless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard.")

## CONCLUSION

Petitioner shall file his Affirmation within thirty (30) days of the date of this Order. No further response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. Should petitioner have any other basis to ask the Court to equitably toll the statute of limitations, he shall

---

[1] An affirmation form is attached to this Order for Petitioner's convenience.

present the facts to the Court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

                                        s/ Judge Raymond J. Dearie

                                        RAYMOND J. DEARIE
                                        United States District Judge

Dated: Brooklyn, New York
       September 17, 2007