UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHRISTIAN PIZARRO,

                Petitioner,

   -against-

NEW YORK STATE,

                Respondent.
---------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

07-CV-2845 (RJD)

DEARIE, Chief Judge:

      Petitioner Christian Pizarro, who is currently incarcerated at Arthur Kill Correctional Facility, filed the above-captioned *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated September 17, 2007, this Court directed petitioner to show cause why the petition should not be dismissed as time-barred. The Court received petitioner's Affirmation on October 23, 2007. However, the Affirmation fails to demonstrate that the instant petition is timely or entitled to equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

      The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners may file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. In this case, petitioner was convicted in New York Supreme Court, Kings County, as a juvenile offender on December 14, 1999. He appealed his conviction, which was affirmed on September 30, 2002 by the New York Supreme Court, Appellate Division, Second Department. People v. Pizarro, 748 N.Y.S.2d 59 (2d Dep't 2002). Petitioner then sought

leave to appeal to the New York State Court of Appeals, which denied his application on January 7, 2003. People v. Pizarro, 99 N.Y.2d 584 (2003). Since petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final on April 7, 2003, 90 days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Accordingly, the statute of limitation expired one year later, on April 7, 2004. Petitioner did not file the instant petition until April 10, 2007.

Accordingly, the petition is time-barred unless there is a basis for equitable tolling of the time limitation. Petitioner's affirmation does not assert facts that would warrant such a finding. Equitable tolling is appropriate only where "the rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citations omitted). Here, petitioner has asserted that his untimeliness should be excused on the basis of his youth at the time of his conviction, his ignorance of the law, and his lack of access to legal materials in the juvenile facility in which he was first held.

Although petitioner was only 16 at the time of his conviction, his conviction did not become final until April 7, 2003, when petitioner was nearly 20 years old. He turned 20 during the applicable one-year period, but waited four years before filing his petition. Accordingly, he has failed to explain how his youth affected his ability to understand the legal procedures or to demonstrate that he acted with diligence during the period he wishes to have tolled. See Lewis v. Walsh, No. 03 Civ. 1932 (DC), 2003 WL 21729840, *2 (S.D.N.Y. July 25, 2003)(finding that a petitioner who was above the age of majority during the statute of limitations period had not presented extraordinary circumstances that would justify equitable tolling); Gaines v. United

States, No. Civ.A. 05 CV 0007, 96 cr 0024 (EHJ), 2005 WL 3448067, *4 (W.D.Ky. Dec 13, 2005)(holding open the possibility that a petitioner's youth might entitle him to equitable tolling of the statute of limitation, but directing an explanation of why he waited to file his petition); Ambers v. Cockrell, No. 01-CV-2018-G., 2002 WL 1544703, *2 (N.D.Tex. July 11, 2002) (holding that petitioner, who was fifteen years old at the time he was convicted, was not entitled to equitable tolling, where he failed to explain why he waited eight years from the time of his conviction until he filed his federal petition).

Petitioner asserts that he was held in a juvenile facility under the auspices of the Office of Children and Family Services and that this facility did not have any law library or other access to legal materials or assistance.[1] However, petitioner has failed to show how this temporary lack of access *prevented* him from timely filing his petition. See Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) ("even assuming that the alleged deprivation of access to his legal materials and the law library constituted an "extraordinary circumstance" warranting equitable tolling, petitioner cannot show that this extraordinary circumstance *prevented* him from filing a timely habeas petition.") Petitioner acknowledges that he was transferred on July 31, 2003, during the one-year limitations period, to an adult facility within the New York Department of Correctional Services, where he had access to a law library. (Affirmation ¶ 8.) At most, might be entitled to tolling of the period from April 7, 2003 to July 31, 2003. Yet petitioner waited until April 16, 2006 to begin seeking collateral challenges to his conviction.

Once petitioner reached the age of majority and gained access to legal materials, both

---

[1] Petitioner asserts that he sought confirmation of this claim from the Brookwood Secure Center but that the institution has not acted upon his request. (Affirmation ¶¶ 15-18.) Such confirmation is not necessary, as the Court credits the statements in his Affirmation regarding the lack of access to a law library.

3

occurring during the statute of limitations period, his additional excuses for late filing are unavailing. His ignorance of law and legal procedure and his lack of assistance from prison law clerks are not extraordinary circumstances that would entitle him to equitable tolling. See e.g. Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002)(ignorance of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling), Stokes v. Miller, 216 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000)(insufficiency of legal assistance, lack of education, and inability to receive meaningful assistance from prison library staff do not constitute "extraordinary" circumstances warranting equitable tolling).

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue, because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
November /9, 2007